**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAUREN ANNE
KINASCHUK,

       Plaintiff,          **CIVIL ACTION NO. 07-CV-14014-DT**

  vs.

                                 **DISTRICT JUDGE DAVID M. LAWSON**

UNITED STATES
ATTORNEY GENERAL,      **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Defendants' Motion to Dismiss, or in the Alternative, Motion to Remand filed on November 26, 2007 (docket no. 10) should be **GRANTED IN PART AND DENIED IN PART**, and this action should be remanded to the United States Citizenship and Immigration Services for a prompt determination of Plaintiff's Application for Naturalization.

**II.** **REPORT:**

    *A.* *Procedural History and Facts*

Plaintiff filed her Petition for Hearing on Naturalization Application Pursuant to 8 U.S.C. § 1447(b) and Mandamus on September 24, 2007. (Docket no. 1). In her Petition, Plaintiff alleges that she applied for naturalization with the United States Citizenship and Immigration Services (USCIS) on March 24, 2006. Officer Markey of the USCIS interviewed Plaintiff on July 28, 2006 with regard to her application. Plaintiff further alleges that she has now submitted the required documentation and passed the required tests, yet USCIS has failed to make a determination or inform her of any deficiency in her naturalization application within the 120-day time period allowed under 8 U.S.C. § 1447(b). The delay

-1-

allegedly arises from the FBI's failure up to this point to complete the name check portion of her background investigation. Plaintiff therefore seeks varied relief including that the Court determine her application for naturalization or remand the matter to the Defendants with instructions including a time schedule. (Docket no. 1 at 9).

Defendants filed this Motion to Dismiss, or in the Alternative to Remand, on November 26, 2007. (Docket no. 10). Defendants are the government officials allegedly responsible for processing naturalization applications and related matters. They move under Fed. R. Civ. P. 12(b)(1) to dismiss this action for lack of jurisdiction, or in the alternative, to remand this action to USCIS so that the agency may complete its investigation and make a determination on her application.

Plaintiff has responded to Defendants' Motion. (Docket no. 13). Pretrial matters in this action have been referred to the undersigned for a determination. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' Motion is now ready for ruling.

B.  *Standard of Review*

When a defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). The court may consider evidence outside of the pleadings to resolve factual disputes concerning jurisdiction. (*Id.*).

C.  *Analysis*

Section 1447(b) of Title 8 of the United States Code governs hearings on denials of applications for naturalization. That subsection provides that "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter." 8 U.S.C. § 1447(b). This statute goes on to state that the court "may either

determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." (*Id.*).

Plaintiff argues that since her hearing before the USCIS officer occurred on July 28, 2006, and this Petition was filed more than 120 days after that date on September 24, 2007 without a determination from the agency, this Court has jurisdiction to hold a hearing and determine her naturalization application.[1] Defendants argue that this Court lacks jurisdiction because the "examination" under section 1447(b) refers not to the agency hearing but to a multi-step process which includes the FBI background checks. Therefore, according to Defendants, because Plaintiff's FBI background checks are not completed, the 120-day period has not yet begun to run. If this Court finds that it has jurisdiction, Defendants alternatively argue that the case should be remanded to the USCIS so that the agency may render a decision on Plaintiff's application.

The issue of whether this Court may assert jurisdiction over the subject matter of this action turns on the meaning of "examination" in section 1447(b). The parties agree that there is a split of authority on this issue. The overwhelming weight of the case law supports the position argued by Plaintiff, however. *See Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 841 & n.4 (E.D. Mich. 2006) (holding and citing cases in this district similarly concluding that "examination" in section 1447(b) refers to the date of the examination hearing with the CIS officer). The Sixth Circuit has not addressed the issue, and the two circuits that have addressed it in published opinions have come to the same conclusion–"examination" means the date of the hearing with the CIS officer. *See Walji v.* Gonzales, 500 F.3d 432 (5th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004) (en banc). *See also Ahmed v. Cannon*, 2008 WL 192289 (E. D. Mich. Jan. 23, 2008); *Attisha v. Jenifer*, 2007 WL 2637772

---

[1] Plaintiff also cites the Administrative Procedures Act for the proposition that Defendants' failure to adjudicate her application constitutes an unreasonable delay of agency action under 5 U.S.C. § 706(1).

(E.D. Mich. Sept. 6, 2007). This Court agrees with the reasoning of these courts. Therefore, because Plaintiff's hearing occurred more than 120 days before she filed her Petition, this Court has jurisdiction under section 1447(b). Defendants' Motion to Dismiss should therefore be denied.

Section 1447(b) gives a court the option of determining the matter or remanding the matter for the agency to make the determination on Plaintiff's application for naturalization. This Court agrees with the reasoning of *Khelifa* that the better option is to remand this case for a prompt agency determination on Plaintiff's application for naturalization. *See* 433 F. Supp. 2d at 842-45. Although the Court realizes that such a remand may not result in a decision as timely as Plaintiff wishes, the benefits of allowing the USCIS make the first assessment outweigh the interests in this Court determining the matter at this time. *See id.*

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 06, 2008       s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 06, 2008       s/ Lisa C. Bartlett
                                   Courtroom Deputy